UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**DONNA F. WORKMAN**

    Plaintiff

v.                                    Civil Action No.: 2:03-2368

**AETNA LIFE INSURANCE COMPANY**

    Defendant

### MEMORANDUM OPINION AND ORDER

Pending before the court is the motion for protective order of the defendant Aetna Life Insurance Company ("Aetna") filed January 26, 2004, seeking a protective order which limits discovery in this ERISA action to the administrative record. Also pending before the court is plaintiff's motion, filed December 27, 2005, seeking to compel discovery.[1]

Prior to the filing of Aetna's motion, the parties indicated in their Rule 26(f) report that a dispute had arisen as to the standard of review to be applied in the action. Accordingly, the court directed the parties to brief the

---

[1] **Plaintiff's motion seeking to compel discovery requests that the court compel Aetna to participate in discovery and simply incorporates the arguments set forth in her response to Aetna's motion for a protective order.**

1

threshold issue of the standard of review.  In connection with their briefing of this motion, both plaintiff and Aetna concede that a modified abuse of discretion standard applies to the action inasmuch as the plan conveys discretion to Aetna to interpret its terms and Aetna suffers from an inherent conflict of interests by functioning both as the plan administrator and the insurer funding the plan.  Having independently reviewed the plan documents, the court is satisfied that the parties are correct on this point.  What remains to be resolved is the extent, if any, to which plaintiff may legitimately seek discovery beyond the administrative record.

I.

As a general rule, a district court is afforded substantial discretion in managing discovery.  <u>United States ex rel. Becker v. Westinghouse Savannah River Co.</u>, 305 F.3d 284, 290 (4th Cir. 2002) (citing <u>Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.</u>, 43 F.3d 922, 929 (4th Cir. 1995)).  Under Rule 26(c) of the Federal Rules of Civil Procedure, a court for "good cause" may grant a protective order limiting or prohibiting discovery where "justice [so] requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses."  Fed. R. Civ. P. 26(c).  The party

seeking such order "must make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one." Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C. 1991). A determination to grant an order is within the sound discretion of the court. M & M Medical Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1992). At the outset, the court notes that plaintiff has made two requests for production of documents on January 27, 2004.[2] No other discovery requests are outstanding.

## II.

Aetna contends that under the abuse of discretion standard the Fourth Circuit's decisions in Sheppard & Enoch Pratt Hospital, Inc. v. Travelers Insurance Co., 32 F.3d 120 (4th Cir. 1994) and Elliot v. Sara Lee Corp., 190 F.3d 601 (4th Cir. 1999), mandate that the court's review of the benefits determination is limited to the administrative record and, therefore, it should be

---

[2] Plaintiff requests (1) all documents contained within Aetna's claim file for plaintiff and (2) the entire claim file(s) regarding any and all individuals who worked for plaintiff's employer and applied for long term disability benefits after January 1, 2000.

entitled to a protective order prohibiting any inquiry beyond that record.  Aetna further observes that the entire administrative record was given to Plaintiff on January 27, 2004.[3]

Plaintiff responds that under Bedrick v. Travelers Insurance Co., 93 F.3d 149 (4th Cir. 1996) and Ellis v. Metropolitan Life Insurance Co., 126 F.3d 228 (4th Cir. 1997), the Fourth Circuit has expressly sanctioned discovery in ERISA actions.  Plaintiff contends that she is entitled to discovery concerning (1) Aetna's conflict of interest, (2) inconsistent applications of the terms of the plan by Aetna with respect to claims of participants and beneficiaries arising from the same or similar ailments, (3) any conflicts of interest concerning the "independent" physicians hired by Aetna on behalf of the plan to evaluate the claim, and (4) any other relevant information at Aetna's disposal prior to the determination of benefits.

The Fourth Circuit has recognized that an overarching goal of ERISA is the prompt resolution of claims.  Quesinberry v.

---

[3] According to Aetna, it produced the administrative record as part of its Rule 26(a)(1) disclosures.  On January 27, 2004, Aetna filed a certificate of service with the court which indicated that those disclosures had been served on plaintiff.  Plaintiff has not disputed Aetna's representation.  The administrate record, however, was never filed with the court.

Life Ins. Co. North America, 987 F.2d 1017, 1025 (4th Cir. 1993). Transfer of the plan administrator's role to the court is a primary concern. Id. These purposes and concerns with respect to ERISA claims "warrant significant restraints on the district court's ability to allow evidence beyond what was presented to the administrator." Id. In Quesinberry, the court held that:

> courts conducting de novo review of ERISA benefits claims should review only the evidentiary record that was presented to the plan administrator or trustee except where the district court finds that additional evidence is necessary for resolution of the benefit.

Id. at 1026-27. The court thereafter lists several examples, in a non-exhaustive list, of the exceptional circumstances which may merit the exercise of such discretion. That list includes "issues regarding the credibility of medical experts" and "instances where the payor and the administrator are the same entity and the court is concerned about impartiality." Id. at 127. The court, however, cautioned against finding such review necessary in every de novo case.

A little over a year later, the Fourth Circuit, in Sheppard, addressed the extent to which evidence outside the plan administrator's possession could be heard under the abuse of discretion standard. The court held that:

> We continue to adhere to the view expressed in Berry [v. Ciba-Geigy, 761 F.2d 1003 (4th Cir. 1985)] that an

5

> assessment of the reasonableness of the administrator's decision must be based on the facts known to it at the time.  Thus, although it may be appropriate for a court conducting a <u>de</u> <u>novo</u> review of a plan administrator's action to consider evidence that was not taken into account by the administrator, the contrary approach should be followed when conducting a review under either an arbitrary and capricious standard or under the abuse of discretion standard.

32 F.3d at 125.  <u>Sheppard</u> involved a review of a benefits determination by a third-party administrator who was not suffering from any explicit or implicit conflict of interest.

The Fourth Circuit next confronted the types of evidence relevant and admissible in an ERISA action in <u>Elliot</u>.  The plaintiff contended that the district court erred in failing to invalidate an adverse benefits determination because the district court failed to review an affidavit of a vocational consultant which was not provided to the plan administrator for consideration.  190 F.3d at 608.  The Fourth Circuit, citing <u>Sheppard</u>, found that the district court properly excluded the report and further found that the report did not merit a remand for further consideration.  <u>Id.</u>  Unlike <u>Sheppard</u>, <u>Elliot</u> involved a plan administrator who also insured and, therefore, the modified abuse of discretion standard applied.

The district courts within this circuit that have spoken in published opinions concerning the availability of

6

discovery to ERISA litigants have held discovery beyond the administrative record is impermissible where the plan conveys discretion to the plan administrator. See, e.g., Stanley v. Metropolitan Life Ins. Co., 312 F. Supp.2d 786 (E.D. Va. 2004) ("even when applying the modified abuse of discretion standard, the court's review remains limited to the administrative record."); Abromitis v. Continental Casualty Co./CNA Ins. Co., 261 F.Supp.2d 388 (W.D.N.C. 2003) ("where the 'conflict [of interest] is apparent,' additional discovery as to the extent of the conflict of interest is not necessary.") (citing Spangler v. Unum Life Ins. Co. of Am., 38 F. Supp.2d 952, 955 (N.D. Okla. 1999)). These courts deny discovery, predicating such denial both on the purposes of ERISA as espoused by the Fourth Circuit in Quesinberry and in Berry v. Ciba-Geigy Corp., 761 F.2d 1003 (4th Cir. 1985), overruled on other grounds in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 109 (1989) and by the holdings of the same in Quesinberry, Sheppard and Elliot limiting the evidence that a court may consider.

Notwithstanding this case law, plaintiff contends that the Fourth Circuit reached a different conclusion in Bedrick and Ellis -- both of which involved the review of a benefits determination under the modified abuse of discretion standard.

7

In <u>Bedrick</u>, the Fourth Circuit relied upon, in large part, the discovery depositions of two medical professionals retained by the plan administrator and the plan administrator's answer to an interrogatory to find that the plan administrator had abused its discretion in denying certain benefits under the plan.  Citing to this "evidence," the court reversed in part the district court's decision upholding the plan administrator's denial of those benefits.  93 F.3d at 153-54.

In <u>Ellis</u>, the Fourth Circuit upheld a district court's determination that the plan administrator had not abused its discretion in determining to deny plaintiff benefits.  The plan administrator denied plaintiff's request for benefits principally upon three separate opinions reached by a panel of medical professionals called "the Roundtable" hired by the plan administrator to provide "independent" medical evaluations for the plan.  In each of these opinions, the Roundtable concluded that the plaintiff was capable of returning to employment.  The Fourth Circuit, noting the conclusions reached by the Roundtable, stated that "[i]t is worth noting that Ellis presented no evidence that the Roundtable is not independent of MetLife or that MetLife somehow unduly influences the Roundtable's evaluation."  <u>Id.</u> at 234, n.3.  Plaintiff distills from such a

principle that discovery is permitted under the modified abuse of discretion standard.

While Bedrick considered evidence outside the administrative record and Ellis suggests that the opportunity existed for plaintiff to challenge the credibility of the "independent" medical professionals hired by the plan adminstrator, the propriety of actually taking discovery was not raised before the Fourth Circuit in either matter.[4]  The court, therefore, may not conclude as plaintiff suggests that the Fourth Circuit has clearly sanctioned discovery in ERISA cases with respect to such medical professionals -- a conclusion which in addition to the lack of support provided by Bedrick and Ellis can hardly be reconciled with the restrictive language employed in Quesinberry, Sheppard and Elliot.

However, having carefully reviewed Quesinberry, Sheppard and Elliot, the court does not find that discovery is

---

[4] The Fourth Circuit, albeit in an unpublished decision, has rejected the suggestion that a plaintiff in an ERISA case may pursue discovery on the conflict of interest between an administrator and its paid employees or consultants.  Abromitis v. Continental Cas. Co., 114 Fed.Appx. 57, 61 (4th Cir. 2004) ("it is the administrator's conflict of interest that is relevant to the conflict-of-interest review conducted by the district court -- not the plainly evident "conflict of interest" of the administrator's paid employees and consultants.").

9

categorically denied under all circumstances in which the modified abuse standard applies.  Questions concerning whether discovery should be permitted and the scope of any such discovery appear dependent on the types of evidence that is relevant and admissible for the court's review.  Under either the abuse of discretion standard or the modified abuse of discretion standard, the touchstone of the review is the "reasonableness" of the plan administrator's review.  <u>Booth v. Wal-Mart Store, Inc., Assoc. Health & Welfare Plan</u>, 201 F.3d 335, 342 (4th Cir. 2000).  In <u>Booth</u>, the Fourth Circuit articulated eight factors which are relevant to weighing the reasonableness of a determination under either standard.  Those factors to be utilized by the court to determine reasonableness are:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

<u>Id.</u> at 342-34.  Of these, factors (1)-(3), (5) and (6) are readily discernable from the administrative record and require no further inquiry beyond that record.  Item (7) refers to external

standards, e.g., a standard developed in Social Security disability determinations, which in no way would be affected by discovery limitations.

Factor (4) pertains to evidence in part concerning earlier interpretations of the plan. Plaintiff apparently contends that it is entitled to take discovery on the disposition of any and all similarly situated claims. In light of the holdings in Quesinberry, Sheppard and Elliot, the court concludes that, if the fiduciary's interpretation is consistent with the plan provisions, allowing a foray into such records would nearly always be unwarranted as unduly burdensome.[5]

With respect to factor (8), the Fourth Circuit has recognized that a conflict of interest inherently exists where an entity issues a policy of insurance funding the plan and also serves as the plan administrator. Bedrick, 93 F.3d at 152. This conflict arises because "every exercise of discretion under the plan has a direct financial effect" upon the insurer. Id. Inasmuch as the administrative record would likely contain the

---

[5] The unduly burdensome nature of such discovery is demonstrated by the breadth of plaintiff's request seeking production of the entire claim file(s) regarding any and all individuals who worked for plaintiff's employer and applied for long term disability benefits after January 1, 2000.

documents necessary to conclude to what extent a conflict exists, this factor would ordinarily be discernable on the face of administrative record.

However, a conflict of interest is relevant both to the reasonableness inquiry as well as to the level of deference afforded the plan administrator under the modified abuse of discretion standard.  Indeed, while deference is still given under this standard, "'this deference will be lessened to the degree necessary to neutralize any untoward influence resulting from the conflict.'" Id. (quoting Bailey v. Blue Cross & Blue Shield, 67 F.3d 53, 56 (4th Cir. 1995).  The Fourth Circuit has stated that:

> The more incentive for the administrator or fiduciary to benefit itself by a certain interpretation of benefit eligibility or other plan terms, the more objectively reasonable the administrator or fiduciary decision must be and the more substantial the evidence must be to support it.

Id.  Under the modified abuse of discretion standard, the court deviates from the abuse of discretion standard "'only to the extent necessary to counteract any influence unduly resulting from the conflict.'"  Elliot, 190 F.3d at 605 (quoting Ellis, 126 F.3d at 233).  This gives rise to a standard whose application is based on the extent of the conflict.

Fourth Circuit precedent, therefore, requires the court to assess the extent of that conflict and, under some circumstances, allow for evidence on that topic.  While the existence of a conflict of interest is often discernable from the face of the record, the extent of the conflict, as is illustrated in Bedrick, may not be.  Allowing a limited inquiry in situations where the fiduciary may have breached its duties is also not inconsistent with Quesinberry, Sheppard and Elliot where the plan administrator was aware of such facts prior to the benefits determination and those facts may be said to have influenced that determination.

Mindful of ERISA's purposes and the restrictive approach adopted by the Fourth Circuit in Quesinberry, Sheppard and Elliot, the availability of discovery must be limited to occasions when some tangible proof other than the mere existence of the plan administrator's financial motivation as the insurer is implicated.  A case-by-case analysis concerning specific requests should be made.  Requests should not be granted absent some indicia within the administrative record that the identified conflict was a consideration in the result reached.  Cognizant of the purposes of ERISA as identified by the Fourth Circuit in Berry and Quesinberry, any discovery permitted should be fashioned in a

13

manner to obtain the pertinent information by the least intrusive and expensive means necessary.

As earlier noted, plaintiff has identified four broad ranges of discovery including (1) Aetna's conflict of interest, (2) inconsistent applications of the plan to members suffering from the same or similar ailments, (3) the conflict of interest of the physicians hired by Aetna, and (4) any other relevant information at the disposal of the administrator prior to the determination of benefits.  Applying the rationale expressed herein to these broad categories, plaintiff may be entitled only to discovery concerning the existence of the conflict of interest assuming that there is some further evidence in the administrative record that Aetna was suffering from a conflict of interest in making this particular determination.

### III.

Consistent with the reasoning set forth herein, it is accordingly ORDERED that the defendant's motion for protective order be, and it hereby is, granted except that plaintiff may present, based on the administrative record and the dual role of Aetna in serving as both the insurer and the plan administrator, the existence of a conflict of interest concerning Aetna's

decision to deny plaintiff benefits.  It is further ORDERED that plaintiff's motion to compel discovery be, and it hereby is, denied.  Plaintiff may, however, present a renewed motion for discovery related to the extent of Aetna's conflict of interest, should it find it proper to do so, as more fully set forth in this memorandum opinion and order, on or before April 27, 2007.

Also, it is ORDERED that this case shall proceed as follows:

1.  Aetna shall file the administrative record with the court on or before April 6, 2007.  If filed electronically, a hard copy of the administrative record, if it exceeds seventy-five (75) pages in length, shall be submitted to the undersigned at the time of filing.  Aetna shall enclose a certified table of contents adequately describing all documents, transcripts of testimony, exhibits, and other material constituting the administrative record.  If the administrative record is filed electronically, Aetna shall select the event code in PACER ECF for administrative record "restricted to court users, case participants, and public terminal only."  If not filed electronically, a hard copy of the administrative record shall be delivered to the undersigned at the time of filing.

      2.  The parties shall file any stipulations that may assist the court in resolving the case on or before June 5, 2007. Cross-motions for summary judgment shall be filed and served by June 12, 2007, with responses due by June 26, 2007, and replies due by July 6, 2007.  Any motion and response must be supported by a memorandum at the time filed or submitted.  If not filed electronically, a copy of any motion, supporting memorandum, response and reply, together with documents or materials in support, shall be delivered to the undersigned at the time of filing.  If any electronic filing pursuant to this provision, inclusive of all attachments, exceeds fifty (50) pages in length, a hard copy of such materials shall be submitted to the undersigned at the time of filing.

      The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record.

      DATED: March 29, 2007

      _____
      John T. Copenhaver, Jr.
      United States District Judge